(Superior Court of Cincinnati.)
Special Term, 1899.

BOSWELL & BUCKLEY v. HALL et al.

---

(1). The court will not hold on demurrer that a devise which creditors are seeking to reach is a spendthrift trust.

(2). The decrees of this court can be so moulded as to preserve the rights of creditors of a devisee without interfering with the exclusive jurisdiction of the probate court where control over the accounts of executors is exclusively vested.

---

Heard on demurrer to petition.
DEMPSEY, J.

The action is in the nature of a creditor's bill to subject assets in hands of executors as trustees to the payment of a judgment.

After the usual formal averments the petition alleges that the defendants, "E. C. Hall and Richard T. Pullen, are the executors and trustees of the last will and testament (of Sarah J. Hall, thereunto duly appointed and qualified; that by devise in said last will and testament the said executors and trustees have in their possession and under their control certain real and personal property, the net income of which is therein directed to be paid over by said executors and trustees, from time to time, as he may require to the defendant, Charles O. Hall."

Demurrer is interposed on part of executors and trustees that the petition does not state a cause of action against them. The demurrer admits the facts pleaded in the petition, and, hence, the facts averred in the paragraph relating to the devise to Charles O. Hall.

The contention is made, first, that this is a "spendthrift trust", to be distributed in the discretion of the trustees to the beneficiary, and not subject to the control of the courts in behalf of creditors. The generality of the averment, and the rule of liberality in construing pleadings prescribed

by the code, preclude the court at this time from so holding; it is rather dangerous to justice to make the law of a case on demurrer, when all the facts are not specifically set forth, and this is more especially true when the construction of a particular item in a will is in question.

The word "require," in one of its senses, means to demand, as a matter of right, to have the right to compel; and, taking it in that sense, the devisee above, Charles O. Hall, would have the right, from time to time, to demand from the executors above the net income of the property in their charge. By virtue of their possession of it under the will a legal title to it is in them, but the usufruct, the profit issuing out of it, belongs to him; that gives him an equitable interest in it, which any creditor may subject under section 5464, Revised Statutes.

The point is made that this court has no jurisdiction over the person of the executors; the object of the proceeding is not to control the conduct or the accounts of the executors, which is a jurisdiction exclusively vested in the probate court, but to ascertain what, if anything, is in their possession that may be applied to the judgment. If the estate of Sarah Hall is still in process of settlement in the probate court, this court, without interfering with the exclusive jurisdiction of that court, can so mould its decees as to preserve the rights and equities of all parties hereto.

Demurrer overruled. As a consequence, the motion to dissolve the temporary injunction will also be overruled.

W. C. Cochran, for the demurrer.
C. W. Richards, for the petition.